PADILLA & ASSOCIATES
Stephen M. Padilla (SBN: 126917)
3020 Old Ranch Parkway,
Suite 300
Seal Beach, California 90740
Tel.: (562) 799-5567
Fax.: (562) 596-0900
E-Mail: smpadillas@earthlink.net

Attorneys for Plaintiffs
Patricia Filardi and James Rutherford

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FILARDI, an individual; JAMES RUTHERFORD, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MERITAGE AT CALLAWAY RESTAURANT, an unknown entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR** VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Patricia Filardi and James Rutherford ("plaintiffs" and/or "plaintiff Patricia Filardi and Plaintiff James Rutherford") complain of Defendant Meritage at Callaway Restaurant, an unknown entity; and DOES 1 through 10, inclusive, and each of them, and allege as follows:

**PARTIES:**

1. Plaintiff Patricia Filardi is physically disabled as defined by the American with Disabilities Act of 1990 ("ADA"). She is an adult quadriplegic who uses a wheelchair for mobility. She has a specially equipped van with a ramp that deploys out of the passenger side of her van and she has a permanently Disabled Person Parking Placard. Plaintiff James Rutherford is an adult male who is disabled as defined by the ADA. He has permanent mobility disabilities which substantially interfere with a major life activity i.e., his ability to walk. He has been granted a permanently Disabled Person Parking Placard and uses a mobility device.

2. Defendants are, or were at the time of the incidents, the real property owners, business operators, lessors and/or lessees for the Meritage at Callaway Restaurant ("Restaurant") located at or about 32720 Rancho California Road, Temecula, CA.

3. The true names and capacities of the defendants, DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to plaintiffs at the time of filing this Complaint and plaintiffs, therefore, sue said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiffs are informed and believe, and therefore allege, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiffs as herein alleged.

**JURISDICTION & VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1334(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that

plaintiffs' cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7. The plaintiffs went to the Restaurant in March of 2015, to eat.

8. The Restaurant is a facility open to the public, a place of public accommodation, and is a business establishment.

9. Men and women restrooms are one of the facilities, privileges and advantages offered by defendants to their customers at the Restaurant.

10. Unfortunately, although restrooms are one of the facilities available to patrons of the business, there is not a compliant handicap-accessible restroom available for male or female disabled persons in the Restaurant.

11. On information and belief, plaintiffs allege that a compliant handicap-accessible restroom may exist somewhere on the premises, there is not a compliant handicap-accessible male or female restroom available to Restaurant patrons.

12. Defendants have no policy or procedure in place to make sure that the accessible toilet facilities are available for disabled persons. Because of that lack of policy or procedure, there are no compliant handicap-accessible toilet facilities available for disabled customers.

13. The plaintiffs personally encountered this problem. This inaccessible condition denied the plaintiffs full and equal access and caused them difficulty and frustration.

14. Plaintiffs would like to return and patronize the Restaurant but will be deterred from visiting until the defendants cure the violations.

15. The defendants have failed to maintain in working and useable condition those features required to provide ready access to persons with disabilities.

16. Additionally, on information and belief, the Plaintiffs allege that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

17. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

18. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, *inter alia*, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(a)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

19. Any business that provides toilet facilities must provide handicap toilet facilities. 1991 Standards § 4.1.2(6); 2010 Standards § 208. Toilet facilities required to be accessible by 4.1 shall comply with 4.22. See 4.22.2 Doors and 4.22.3 Clear Floor Space. Toilet stalls shall be on

an accessible route and shall meet the requirements of 4.17. 1991 Standards § 4.1.2(6).

20. Here, the lack of an accessible toilet facility is a violation of the law.

21. The defendants have no policy or procedure to make sure that its toilet facilities remain useable by disabled persons. The toilet facilities are not accessible to disabled persons.

22. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

23. Here, the failure to ensure that a toilet facility was available and ready to be used by the plaintiffs is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal. Civ. Code § 51-53)

24. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

26. Because the violation of the Unruh Civil rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal.Civ.Code § 55.56(a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and against all defendants) (Cal. Civ. Code §54-54.8)

27. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Cal. Civ. Code § 54.1(d), 54.3(a).)

29. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

30. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. The defendants had a general duty and a duty arising under the Americans with disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**

Wherefore, plaintiffs pray that this Court award damages and provide relief as follows:

1. Issue a preliminary and permanent injunction directing defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to all persons, including persons with physical disabilities who use a wheelchair; and issue a preliminary and permanent injunction directing defendants to provide facilities usable by plaintiffs and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2. Retain jurisdiction over the defendants until such time as the Court is satisfied that defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot reoccur;

3. Damages under the Unruh Civil Rights Act and /or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000.00. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial;

4. Award to plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3;

///

///

5. Grant such other and further relief as this Court may deem just and proper.

PADILLA & ASSOCIATES

Date: April 13, 2015

Stephen M. Padilla
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

PADILLA & ASSOCIATES

Date: April 13, 2015

Stephen M. Padilla
Attorneys for Plaintiffs